**Ra' Shaun MULLER, Plaintiff-Appellant,**

v.

**Daniel SENKOWSKI, Defendants-Appellees.**

**Docket No. 00–2196.**

United States Court of Appeals, Second Circuit.

March 16, 2001.

David W. Windley, Brooklyn, NY, for appellant.

Joseph Huttler, Kings County, District Attorney's Office, Brooklyn, NY; Charles J. Hynes, Kings County District Attorney; Leonard Joblove, Assistant District Attorney, on the brief, for appellee.

Present JACOBS and CALABRESI, Circuit Judges, and JONES, District Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Petitioner Ra' Shaun Muller appeals from a judgment of the United States District Court for the Eastern District of New York (Weinstein, J.) dismissing his petition for a writ of habeas corpus. Muller challenged a judgment of conviction following a jury trial in the New York Supreme Court, Kings County, for second degree (felony) murder and first degree burglary. The Appellate Division affirmed the judgement of conviction, *see People v. Muller,* 249 A.D.2d 331, 670 N.Y.S.2d 349 (1998); leave to appeal to the New York Court of Appeals was denied, *see* 92 N.Y.2d 928, 680 N.Y.S.2d 469, 703 N.E.2d 281 (1998).

* The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

The district court granted a certificate of appealability solely on Muller's claim that the prosecution's evidence concerning the cause of death impermissibly varied from the cause of death stated in the indictment, resulting in constructive amendment of the indictment.

■ An impermissible variance occurs when the evidence introduced at trial "broadens the basis of conviction beyond that charged in the indictment." *United States v. Patino*, 962 F.2d 263, 265 (2d Cir.1992), *cert. denied*, 506 U.S. 927, 113 S.Ct. 354, 121 L.Ed.2d 268 (1992); *see also United States v. Mollica*, 849 F.2d 723, 728–29 (2d Cir.1988). The variance must be material, *see United States v. Helmsley*, 941 F.2d 71, 89 (2d Cir.1991), *cert. denied*, 502 U.S. 1091, 112 S.Ct. 1162, 117 L.Ed.2d 409 (1992), such that "the presentation of evidence and jury instructions [ ] so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. Wallace*, 59 F.3d 333, 337 (2d Cir.1995) (citation omitted). Moreover, we have "consistently permitted significant flexibility in proof, provided that the defendant was given notice of the 'core of criminality' to be proven at trial." *Patino*, 962 F.2d at 266 (citation omitted).

■ There was no material variance between the cause of death in the felony murder count as set forth in the indictment and the testimony of the medical examiner at trial. The indictment charged that Muller "caused the death of Morris Abrams, by means of blunt force to the head, thereby inflicting various wounds and injuries upon Morris Abrams, and thereafter and on or about October 7, 1992, Morris Abrams died of said wounds and injuries." The medical examiner, Dr. Beverly Leffers, testified on direct examina-

tion that the cause of death was "[b]lunt force injuries of the head *and abdomen.*" (emphasis added). Dr. Leffers conceded on cross-examination that it is possible that Abrams could have survived the head injuries alone, but she stated on re-direct that both the head and abdominal injuries were contributing factors to Abrams' death. Dr. Leffers' testimony was consistent with the cause of death that was alleged in the indictment.

Assuming that there was some material variance between the indictment and Dr. Leffer's testimony at trial, Muller was not prejudiced. *See United States v. Heimann*, 705 F.2d 662, 668 (2d Cir.1983) (finding of prejudice "necessary to give legal significance to [ ] a variance"). First, as explained above, the proof substantially conformed to the crime charged in the indictment. Second, Muller was adequately apprised in advance of trial as to the "core of criminality" to be proved at trial. The autopsy report, which defense counsel received before trial, stated that Abrams died from "blunt force injuries of head and body." And the Bill of Particulars stated that "[Muller] struck Morris Abrams about the head and body with a hammer causing his death." Thus, there can be no claim that Muller lacked fair notice pre-trial that the State's asserted cause of death was blunt force injuries to the head and body. *See Heimann*, 705 F.2d at 666 ("proof at trial need not, indeed cannot, be a precise replica of the charges contained in an indictment" and no variance where the defendant was given notice of "core of criminality" to be proved at trial); *see also United States v. Sindona*, 636 F.2d 792, 797–98 (2d Cir.1980) (no variance where indictment charged defendant with concealing fact that certain funds had been fraudulently obtained; proof established that defendant concealed only the source of the funds).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.